**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR M. FLYNN (SBN 253362)
*tflynn@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiffs***
***Additional Counsel on Signature Page***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILL MEREWHUADER and ROBERT ODEBRALSKI, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TOM'S OF MAINE, INC.,<br><br>Defendant. | Case No.: 2:26-cv-7263<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Bill Merewhuader and Robert Odebralski on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, bring this action against Tom's of Maine, Inc. ("Tom's" or "Defendant"), and allege the following upon their own knowledge or, where they lack personal knowledge, upon information and belief, including the investigation of their counsel.

**INTRODUCTION**

1. Tom's manufactures and sells "unscented" deodorant (the "Product").




*Front Label Until Approximately December 2025*




*Front Label Beginning in Approximately January 2026*

2. Given the Product's prominent front-label "unscented" representation, consumers believe the Product is in fact unscented, *i.e.* free of fragrance. Defendant's marketing, however, is false and misleading because the Product actually contains fragrance and is therefore scented.

3. Plaintiffs bring this action against Tom's on behalf of themselves and similarly situated Class Members, to recover compensation for injured Class Members. Plaintiff Merewhuader also brings this action on behalf of the general public to enjoin Tom's from deceptively marketing the Product as "Unscented."

**THE PARTIES**

4. Plaintiff Bill Merewhuader presently resides and intends to continue to reside in Los Angeles County, California. Accordingly, he is a citizen of the State of California.

5. Plaintiff Robert Odebralski presently resides and intends to continue to reside in Erie County, New York. Accordingly, he is a citizen of the State of New York.

6. Defendant Tom's of Maine, Inc. is a Maine corporation with its principal place of business in Kennebunk, Maine. Tom's distributes and markets the Product nationwide, including in California.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one member of the class is a citizen of a state different from Defendant. In addition, more than two-thirds of the class members reside in states other than the state in which Defendant is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

8. The Court has personal jurisdiction over Tom's because it has purposely availed itself of the benefits and privileges of conducting business activities within California, including by marketing, distributing, and selling the Product in California. Further, Tom's has consented to personal jurisdiction in this Court for the purpose of allowing claims on behalf of the alleged New York Class to proceed in this action. ECF No. 23 at 2.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides (*i.e.*, is subject to personal jurisdiction) in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

### I. Tom's Falsely Markets Deodorants Containing Fragrance as "Unscented"

10. Consumer demand for unscented skincare and hygiene products has grown drastically in recent years, driven by heightened awareness of health and ingredient safety issues.

11. "According to an NIH study, the ingredients in fragrance can have adverse effects on health. Components and contaminants in fragrances can cause allergies, breast cancer, reproductive disorders, skin allergies, nervous system damage and migraine headaches. This emerging knowledge has fueled the desire for a more natural and gentle skincare routine, and the demand for unscented products."[1]

12. Moreover, "[s]ensitive skin is on the rise: Studies suggest that over 50% of adults report skin sensitivity."[2] Unscented products are particularly beneficial for the many consumers with skin sensitivities, allergies, respiratory disorders, or who are otherwise sensitive to perfumes. Unscented products minimize these risks and provide a safer, more desirable option for many consumers.

13. Dermatologists identify fragrance as a common skin irritant that should be avoided by those with sensitive skin.[3] This is because "[m]any fragrances contain allergens

---

[1] https://livnature.com/blogs/news/growing-popularity-of-unscented-products-here-s-why (citing Zahra Kazemi et al., *Evaluation of pollutants in perfumes, colognes and health effects on the consumer: a systematic review*, J. ENVIRON. HEALTH SCI. ENG., Vol. 20, No. 1, pp. 589-98 (Feb. 3, 2022)).

[2] https://terra-tory.com/blogs/terra-haus/think-fragrance-free-doesn-t-sell-the-market-says-otherwise.

[3] *See, e.g.*, Andrea McLin, MPAS, PA-C, *Sensitive Skin? Avoid These 8 Common Irritants in Products You Use Daily*, Epiphany Dermatology, *available at* https://www.epiphanydermatology.com/medical-dermatology/sensitive-skin; Dr. Levy, *Navigating Sensitive Skin Fragrance Free Products That Actually Deliver*, Dermatology of Seattle & Bellevue (Sep. 23, 2025), *available at* https://dermatologyseattle.com/navigating-sensitive-skin-fragrance-free-products-that-actually-deliver.

that can trigger reactions. Opting for fragrance-free options helps minimize the risk of irritation and keeps your skin calm and healthy."[4]

14. Even those without fragrance sensitivities sometimes wish to avoid fragrance due to the sensitivities of those around them, including workplace policies that prohibit the use of scented products.

15. Other consumers may want unscented deodorant so that it does not interfere with the fragrance of their perfume or cologne of choice.

16. Reasonable consumers believe "unscented" products will be free of fragrance ingredients because those ingredients have, and impart, a scent to the product. In other words, fragrance is antithetical to the concept of an unscented product.

17. Consumers' belief that the Products will be free of fragrance is particularly reasonable when the Unscented Representation is viewed in context. Defendant also offers scented deodorants on which, in place of the Unscented Representation, Defendant describes the scent with descriptions such as "featuring ylang-ylang and mandarin scent notes" and "featuring a fresh aromatic blend of balsam fir, mint, and eucalyptus[.]" Defendant offers the Unscented Products as an alternative to its scented products and reasonable consumers thus expect them to be truly unscented, *i.e.* without fragrance. Moreover, as described further below, Defendant has admitted the Products are for consumers who "prefer a fragrance-free experience[.]"

18. Additionally, other products in the marketplace labeled as "Unscented" do not contain fragrance, further reinforcing the reasonableness of consumers' interpretation.

19. While sophisticated manufacturers and industry members may be aware that the FDA has published guidance that "unscented" products may contain some masking fragrance to account for malodors caused by other ingredients, reasonable lay consumers shopping for deodorant have no awareness or understanding of that guidance. Instead, consumers apply the plain meaning to the term "unscented." Further, even if consumers were

---

[4] *Id.*

advised of the guidance, they would likely disagree with it since adding fragrance ingredients goes against the plain meaning of the word "unscented."

20. Many consumers are thus willing to pay more for products that are unscented, *i.e.* free of fragrance. Unsurprisingly, consumers believe products labeled "unscented" will be in fact unscented, *i.e.* free of fragrance.

21. As a sophisticated marketing company that studies consumer demand, Tom's is aware of this strong consumer preference and capitalizes on it by marketing and labeling the Product as "Unscented."

22. That Tom's intends for and knows consumers read "unscented" as meaning free of fragrance is demonstrated by its online marketing of the Product, where it states "UNSCENTED: Available in an unscented option for those who prefer a fragrance-free experience."[5]




[5] https://www.tomsofmaine.com/products/unscented-deodorant.

23. Defendant's "unscented" representation is false and misleading, however, because the Product contains Cymbopogon flexuosus oil, more commonly known as lemongrass oil, which has a "strong" "earthy, citrus scent."[6]

24. Tom's acknowledges that Cymbopogon oil is an added fragrance by listing it in an online Fragrance Disclosure.[7]

25. By falsely labeling the Product "unscented" when it is formulated with added fragrance, Tom's chose to increase its profits at the expense of consumer trust.

26. Further, while many consumers prefer "unscented" products due to skin sensitivities, skincare guidance notes that Cymbopogon flexuosus oil's "fragrance/volatile compounds pose a risk of irritation to skin," which "can range from noticeable redness, itchiness, and breakout-like rashes to less visible effects like a weakened skin barrier[.]"[8]

27. Because the Product is prominently and unambiguously labeled as "unscented," reasonable consumers usually do not—particularly prior to purchase—read the fine-print ingredients that include Cymbopogon oil at the end of a list of compounds like methylheptylglycerin and glyceryl laurate propanediol, among others.

---

[6] *See* https://www.bulkapothecary.com/lemongrass-essential-oil.

[7] *See* https://www.tomsofmaine.com/pages/fragrance-disclosure. Although the Fragrance Disclosure lists Cymbopogon *Schoenanthus* Oil, rather than Cymbopogon *flexuosus* oil, both are oils from the Cymbopogon plant—the scientific genus name for the group of fragrant grasses known as lemongrass—and both have citrusy aromas. Tom's links to the Fragrance Disclosure on the Product's individual webpage, demonstrating that the Fragrance Disclosure applies to the Product. *See* https://www.tomsofmaine.com/products/unscented-deodorant (providing a link to the Fragrance Disclosure immediately beneath "Ingredients" and not otherwise listing any Cymbopogon oil as a Product ingredient).

[8] *See*, *e.g.*, https://www.paulaschoice.com/ingredient-dictionary/ingredient-cymbopogon-flexuosus-oil.html.




*Back Label Until Approximately December 2025*




*Back Label Beginning in Approximately January 2026*

28. Moreover, consumers would not know the true nature of the Products by looking at the front labels. There is nothing on the front labels (like an asterisk) disclaiming or modifying the "Unscented" representation.

29. Further, the ingredients lists do not preclude consumer deception. As one court has noted, "a company can't say something misleading on the front of a label and escape liability by stating 'that's not actually what we mean' in fine print on the back." *Locklin v. StriVectin Operating Co., Inc.*, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022).

30. Moreover, even if they did, average consumers do not know what Cymbopogon flexuosus oil is. Reading the ingredient list is thus insufficient to inform them the Product contains fragrance and is therefore *not* unscented.

31. Consumers purchasing the Product through Tom's website, which includes a link to its Fragrance Disclosure, are unlikely to ever see the link, much less click on, scroll through the list of products, read it, and understand its import.

32. First, to see the link, users would have to scroll past the Product image with the prominent "unscented" representation, a list of Product descriptors including the statement "UNSCENTED: Available in an unscented option for those who prefer a fragrance-free experience," Product purchase options, and the "Add to cart" button, before ever seeing the link to "Read our fragrance disclosure list." *See* Exhibit A (webpage printout). Most consumers are unlikely to do so, particularly since they are able to complete their purchases without even being exposed to the Fragrance Disclosure. *See id.*

33. Second even the few consumers that see, click on, and read through the Fragrance Disclosure may not understand its import since it lists Cymbopogon Schoenanthus Oil, which average consumers likely do not know is functionally equivalent to Cymbopogon flexuosus oil. That Defendant does not list and explain the function of Cymbopogon oil in the section of the webpage detailing the Product's other ingredients (as shown below), only adds to the confusion.

34. Nothing about the Product labeling changes in approximately January 2026 alleviate the consumer confusion caused by Tom's "unscented" representation. The added "No Artificial Fragrance or Parabens" statement was made on every scent of Tom's deodorants (as shown on the following page) and is thus viewed as a brand feature, not as a clarification or caveat to Tom's unambiguous "unscented" representation. Instead, purchasers of the Product see the statement as reinforcing or confirming Tom's "unscented" representation.




35. Consumers have noted Defendant's deception, including in online reviews. For example, in one January 2026 review on Walmart.com, a purchaser stated "This deodorant is not unscented as stated. The smell is very strong."

Verified Purchase

**This deodorant is not unscented**

This deodorant is not unscented as stated. The smell is very strong.

36. A May 2024 reviewer similarly pointed out that "The label says that this is unscented, but is not at all. It smells very strong."

Verified Purchase

**not unscented**

The label says that this is unscented, but is not at all. It smells very strong.

37. A purchaser that left a May 2023 review on Amazon.com bought the Product because they "don't like to smell like anything," and thought "Unscented was just that – NO SCENT. But this smells like lemon."

**Unscented is NOT**
Reviewed in the United States on May 29, 2023
Scent: Unscented | Size: 2.25 Ounce (Pack of 3) | Verified Purchase
Before Tom's of Maine sold out they were great deodorants. Why were they changed? Unscented was just that - NO SCENT. But this smells like lemon. I don't care what other people may think I don't like to smell like anything.

38. As a sophisticated marketing company, Defendant knew consumers were being misled by the Unscented Representation. Rather than correct its behavior, which has no utility, Defendant continued to misrepresent the Products as Unscented in order to profit off of consumer demand for products that do contain fragrance ingredients.

## II. Plaintiffs' Purchases, Reliance, and Injury

39. Beginning in around early 2025 Plaintiff Merewhuader regularly purchased the Product, with his last purchase in approximately June 2026. Plaintiff made his purchases from stores such as CVS in Lancaster, California.

40. When purchasing the Product, Plaintiff Merewhuader was searching for a deodorant that was free of fragrance. In purchasing the Product, Plaintiff was exposed to, read, and relied on the representation that the Product is "Unscented," which Plaintiff reasonably understood to mean free of fragrance. Accordingly, the "Unscented" representation was part of the basis of the bargain, in that he would not have purchased his Product on the same terms had he known the Unscented representations were not true. Moreover, in making his purchase, Plaintiff paid a price premium for a product that was unscented.

41. Plaintiff Merewhuader acted reasonably in relying on Defendant's "unscented" representation, which Defendant intentionally placed on the Product's labeling with the intent to induce average consumers into purchasing the Product.

42. Because the Product contains fragrance, it is not unscented or fragrance-free. Instead of receiving a product that was unscented and free of fragrance, Plaintiff Merewhuader received a Product that was scented because it contained added fragrance.

43. On December 6, 2025, Plaintiff Odebralski purchased the Product in a two pack from Amazon.com.

44. When purchasing the Product, Plaintiff Odebralski was searching for a deodorant that was free of fragrance. In purchasing the Product, Plaintiff was exposed to, read, and relied on the representation that the Product is "Unscented," which Plaintiff reasonably understood to mean free of fragrance. Accordingly, the "Unscented" representation was part of the basis of the bargain, in that he would not have purchased his Product on the same terms had he known the Unscented representations were not true. Moreover, in making his purchase, Plaintiff paid a price premium for a product that was unscented.

45. Plaintiff Odebralski acted reasonably in relying on Defendant's "unscented" representation, which Defendant intentionally placed on the Product's labeling with the intent to induce average consumers into purchasing the Product.

46. Because the Product contains fragrance, it is not unscented or fragrance-free. Instead of receiving a product that was unscented and free of fragrance, Plaintiff Odebralski received a Product that was scented because it contained added fragrance.

47. The Product cost more than similar products without misleading labeling and would have cost less absent Defendant's false and misleading statements.

48. Through the misleading labeling claim, Defendant was able to gain a greater share of deodorant market than it would have otherwise and to increase the size of the market.

49. Consumers are willing to pay a price premium for unscented personal care products. They are also induced to make purchases that they otherwise would not have, but for the belief that the Products did not contain fragrance ingredients. Plaintiffs and Class members would not have purchased the Products had they known the Products contained fragrance ingredients. Further, Plaintiffs and Class members paid a price premium for the Products because of the Unscented Representation. Therefore, Plaintiffs and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Unscented Representation.

50. Plaintiff Merewhuader still wishes to purchase unscented products. He continues to see the Product at stores where he shops. Plaintiff Merewhuader would purchase the Product in the future if it was truly "Unscented," but as a lay consumer, Plaintiff may be unable to determine that in the future absent an injunction.

51. Plaintiff's substantive right to a marketplace free of fraud, where they are entitled to rely with confidence on representations made by Tom's, continues to be violated every time they are exposed to the Product's misleading labeling claims.

**III. No Adequate Remedy At Law**

52. Plaintiff Merewhuader and members of the California Subclass are entitled to equitable relief as no adequate remedy at law exists.

53. **Broader Statues of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA. Thus, without application of tolling, California Subclass Members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. Similarly, California Subclass Members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty or fraud will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

54. **More Prompt, Certain, and Efficient.** Legal remedies are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Legal claims for damages are not equally certain as restitution because claims under the UCL and other equitable claims entail few elements.

55. **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes, for example, Defendant's overall unfair marketing scheme to promote and brand the Products with Defendant's "Unscented" marketing, including the Products' label and packaging, over a long period of time, in order to gain an unfair advantage over competitor

products and to take advantage of consumers' desire for products that comport with Defendant's "Unscented" marketing. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue). Thus, Plaintiff Merewhuader and the California Subclass may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (*e.g.*, the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct; common law fraud claims require a showing of actual deception or reliance).

56. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff Merewhuader and the California Subclass because Defendant continues to misrepresent the Products with the "Unscented" marketing. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm - none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of removing Defendant's "Unscented" marketing is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. An injunction requiring removal of the claim will prevent the ongoing deception and repeat purchases based thereon. It is also not available through a legal remedy (such as monetary damages). In addition, injunctive relief is necessary because, because discovery and Plaintiffs' investigation have not yet completed. Moreover, example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

57. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

58. **Procedural Posture - Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action, and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves the right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## CLASS ACTION ALLEGATIONS

59. While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent a "Class" of all persons in the United States who purchased the Product for personal or household use during the four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), and the following two Subclasses:

a. California Subclass: a class of all persons in California who purchased the Product for personal or household use during the Class Period.

b. New York Subclass: a class of all persons in New York who purchased the Product for personal or household use during the three years preceding the date of the filing of this Complaint to the time a class is notified.

60. The Members in the proposed Class and Subclasses are so numerous that individual joinder of all Members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

61. Questions of law and fact common to Plaintiffs and the Class (or Subclasses) include:

a. whether Defendant's "unscented" labeling and advertising was material, or likely to be material, to a reasonable consumer, or whether Defendant had reason to believe that it was;

b. whether the Product contains added fragrance;

c. whether, due to the Product's fragrance content, the challenged labeling is false, misleading, or reasonably likely to deceive a reasonable consumer;

d. whether Tom's conduct is unfair or violates public policy;

e. whether Tom's conduct violates California, New York, or federal cosmetics statutes or regulations;

f. whether Tom's made and breached warranties;

g. whether Tom's was unjustly enriched;

h. the proper amount of damages, including punitive damages;

i. the proper amount of restitution; and

j. the proper scope of injunctive relief.

62. These common questions of law and fact predominate over questions that affect only individual Class or Subclass Members.

63. Plaintiffs' claims are typical of other Class or Subclass Members' claims because they are based on the same underlying facts, events, and circumstances relating to Tom's conduct. Specifically, all Class Members, including Plaintiffs, were subjected to the same misleading and deceptive conduct when they purchased the Product and suffered economic injury because the Product is misrepresented.

64. Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclasses, have no interests incompatible with the interests of the Class or

Subclasses, and have retained counsel competent and experienced in class action litigation, and specifically in litigation involving the false and misleading advertising of consumer goods.

65. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class or Subclass Members to redress the wrongs done to them.

66. Tom's has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class (or each Subclass) as a whole.

67. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

### (On Behalf of the California Subclass)

68. Plaintiff Merewhuader realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

69. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

70. The acts, misrepresentations and practices alleged herein constitute business acts and practices.

#### Fraudulent

71. A statement or practice is fraudulent under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable consumer test.

72. As set forth herein, because the Product contains fragrance, Tom's labeling and marketing of the Product as "unscented" is likely to deceive reasonable consumers and the public.

**Unlawful**

73. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

a. The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL");

b. The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA");

c. The California Commercial Code, Cal. Com. Code §§ 2313(1), 2314;

d. The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FFDCA"), which states that "A cosmetic shall be deemed to be misbranded . . . [i]f its labeling is false or misleading in any particular," *id.* § 362; and

e. The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 *et seq.* (the "Sherman Law"), which states "Any cosmetic is misbranded if its labeling is false or misleading in any particular," *id.* § 111730.

**Unfair**

74. Tom's conduct with respect to the labeling, advertising, and sale of the Product was unfair because Tom's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

75. Tom's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the FAL, CLRA, California Commercial Code, FFDCA, and Sherman Law.

76. Tom's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided. Specifically, the increase in profits obtained by Tom's through the misleading labeling does not outweigh the harm to Plaintiff Merewhuader and other California Subclass

Members who were deceived into purchasing the Product believing it was unscented and therefore free of fragrance, when in fact it contains fragrance and is thus scented.

77. Tom's conduct is particularly unfair in light of the skin sensitivities that often lead people to seek out unscented products who are then unknowingly exposed to an increased risk of skin and respiratory irritation.

78. Tom's profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.

79. Plaintiff Merewhuader and other California Subclass Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Tom's continues to disseminate misleading information and the Product continues to command a price premium in the marketplace as a result of Tom's deceptive practices. Thus, injunctive relief enjoining Tom's deceptive practices is proper.

80. Tom's conduct caused and continues to cause substantial injury to Plaintiff Merewhuader and other California Subclass Members. Plaintiff has suffered injury in fact as a result of Tom's unlawful conduct.

81. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Tom's from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

82. Plaintiff Merewhuader also seeks an order for the restitution of all monies from the sale of the Product, which were unjustly acquired through acts of unlawful competition.

83. Because Plaintiff's claims under the UCL sweep more broadly than their claims under the CLRA, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff and other California Subclass Members for all of Defendant's challenged behavior.

**SECOND CAUSE OF ACTION**

**Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.***

**(On Behalf of the California Subclass)**

84. Plaintiff Merewhuader realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

85. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

86. As alleged herein, the advertisements, labeling, policies, acts, and practices of Tom's relating to the Product were likely to mislead consumers acting reasonably.

87. Plaintiff Merewhuader suffered injury in fact as a result of Tom's actions as set forth herein because they purchased the Product in reliance on Tom's false and misleading marketing claims stating or suggesting that the Product is unscented and fragrance free.

88. Tom's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Tom's has advertised the Product in a manner that is untrue and misleading, which Tom's knew or reasonably should have known.

89. Tom's profited from the sale of the falsely and deceptively advertised Product to unwary consumers.

90. As a result, Plaintiff Merewhuader, the California Subclass, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Tom's was unjustly enriched.

91. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and the California Subclass, seek an order enjoining Tom's from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law.

92. Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA, and restitution is not limited to returning to Plaintiff Merewhuader and California Subclass Members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA and commercial code are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

**THIRD CAUSE OF ACTION**

**Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***

**(On Behalf of the California Subclass)**

93. Plaintiff Merewhuader realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

94. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

95. Tom's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and California Subclass Members, and violated and continue to violate the following sections of the CLRA:

a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

96. Tom's profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers.

97. Tom's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

98. Pursuant to California Civil Code § 1782, Plaintiff notified Tom's in writing of the particular violations of the CLRA and demanded it correct the actions described herein, but Tom's failed to implement remedial measures.

99. In compliance with Cal. Civ. Code § 1780(d), an affidavit of venue was filed with Plaintiff's original Complaint, *see* Dkt. No. 5.

100. Plaintiff Merewhuader and other California Subclass Members have suffered harm and presently seek all relief available under this cause of action.

**FOURTH CAUSE OF ACTION**

**Breaches of Express Warranties**

**(On Behalf of the Class, California Subclass, and New York Subclass)**

101. Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

102. Through the Product's labeling, Tom's made an affirmation of fact or promise, or description of goods, that the Product is "Unscented."

103. These representations were "part of the basis of the bargain," in that Plaintiffs and Class Members purchased the Product in reasonable reliance on those statements.

104. Tom's breached its express warranties by selling a Product that contains added fragrance and is therefore not unscented.

105. That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiffs and other Class Members paid for the Product.

106. As a result, Plaintiffs seek, on behalf of themselves and other Class Members, actual damages arising as a result of Tom's breaches of express warranty, including, without limitation, expectation damages.

**FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314**

**(On Behalf of the California Subclass)**

107. Plaintiff Merewhuader realleges and incorporates the allegations elsewhere in the Complaint as if set forth fully herein.

108. Tom's is a merchant with respect to the goods of this kind which were sold to Plaintiff and the California Subclass, and there were, in the sale to Plaintiff and the California Subclass, implied warranties that those goods were merchantable.

109. Tom's , through its acts set forth herein, in the sale, marketing, and promotion of the Product made representations, that the Product is "Unscented."

110. However, Tom's breached that implied warranty because the Product contains fragrance and is therefore not unscented.

111. As an actual and proximate result of Tom's conduct, Plaintiff Merewhuader and the California Subclass did not receive goods as impliedly warranted by Tom's to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods.

112. As a result, Plaintiff seeks actual damages, including, without limitation, expectation damages.

**SIXTH CAUSE OF ACTION**

**Unjust Enrichment**

**(On Behalf of the Class)**

113. Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if fully set forth herein.

114. Plaintiffs and Class Members conferred upon Tom's an economic benefit, in the form of profits resulting from the purchase and sale of the Product.

115. Tom's financial benefits resulting from their unlawful and inequitable conduct are economically traceable to Plaintiffs' and Class Members' purchases of the Product and

the economic benefits conferred on Tom's are a direct and proximate result of its unlawful and inequitable conduct.

116. It would be inequitable, unconscionable, and unjust for Tom's to be permitted to retain these economic benefits because the benefits were procured as a direct and proximate result of its wrongful conduct.

117. As a result, Plaintiffs and Class Members are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Tom's as a result of such business practices.

**SEVENTH CAUSE OF ACTION**

**Violation of New York General Business Law § 349**

**(On Behalf of the New York Subclass)**

118. Plaintiff Odebralski realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

119. Plaintiff Odebralski brings this cause of action individually and on behalf of the New York Subclass members.

120. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

121. In their sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

122. Plaintiff and New York Subclass members are consumers who purchased the Products for their personal use.

123. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, as alleged above.

124. The foregoing deceptive acts and practices were directed at consumers.

125. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Products to induce consumers to purchase the same.

126. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

127. Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and New York Subclass members have sustained from having paid for and used the Products.

128. As a result of Defendant's violations, Plaintiff and New York Subclass members have suffered damages because: (a) they would not have purchased the Products on the same terms if they knew about Defendant's misrepresentation; (b) they paid a price premium for the Products due to the misrepresentation; and (c) the Products do not have the characteristics, uses, benefits, or qualities as promised.

129. Plaintiff seeks all available relief under this cause of action.

**EIGHTH CAUSE OF ACTION**

**Violation of New York General Business Law § 350**

**(On Behalf of the New York Subclass)**

130. Plaintiff Odebralski realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

131. Plaintiff Odebralski brings this cause of action individually and on behalf of the New York Subclass members.

132. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service.

133. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

134. Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

135. Defendant's false, misleading, and deceptive statements and representations of fact were and are directed toward consumers. Defendant also actively concealed and knowingly omitted material facts regarding the true nature of the Products.

136. Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

137. Defendant's false, misleading, and deceptive statements and representations of fact has resulted in consumer injury or harm to the public interest.

138. As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff and New York Subclass members have suffered and continue to suffer economic injury.

139. As a result of Defendant's violations, Plaintiff and New York SUbclass members have suffered damages because: (a) they would not have purchased the Products on the same terms if they knew about Defendant's misrepresentation; (b) they paid price premium for the Products due to the misrepresentation; and (c) the Products do not have the characteristics, uses, benefits, or qualities as promised.

140. Plaintiff seeks all available relief under this cause of action.

## PRAYER FOR RELIEF

141. Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, prays for judgment against Tom's as to each and every cause of action, and the following remedies:

a. An Order declaring this action to be a proper class action, appointing Plaintiffs representatives of the Class, Plaintiff Merewhuader as representative of the California Subclass, Plaintiff Odebralski as representative of the New York Subclass, and appointing Plaintiffs' undersigned counsel as Class Counsel;

b. An Order requiring Tom's to bear the cost of Class Notice;

c. An Order requiring Tom's to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

d. An Order requiring Tom's to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or

fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

e. An Order requiring Tom's to pay compensatory and punitive damages as permitted by law;

f. An award of attorneys' fees and costs; and

g. Any other and further relief that Court deems necessary, just, or proper.

**JURY DEMAND**

142. Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: November 4, 2026

/s/ Melanie R. Monroe
**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
DANIEL SACHS
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (CA Bar No. 295032)
yeremey@skclassactions.com
Brittany S. Scott (CA Bar No. 327132)
brittany@skclassactions.com
28 Geary Street, Suite 650 No. 1507
San Francisco, CA 94108
Telephone: (415) 839-7077
Facsimile: (888) 410-0415

**SMITH KRIVOSHEY, PC**
Joel D. Smith (CA Bar No. 244902)

joel@skclassactions.com
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Telephone: (617)377-7404

***Counsel for Plaintiffs***